IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO ROMAN,

              Plaintiff,               No. CIV S-11-0284 EFB P

    vs.

EDWARD WASHINGTON, et al.,

              Defendants.         <u>ORDER</u>

_____/

       Gustavo Roman, an inmate confined at North Kern State Prison ("North Kern"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint concerns events alleged to have occurred while he was housed at Deuel Vocational Institute ("DVI"). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to

1

1  collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

2  § 1915(b)(1) and (2).

3  **II.   Screening Order**

4         Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

5  which a prisoner seeks redress from a governmental entity or officer or employee of a

6  governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

7  claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

8  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

9  from a defendant who is immune from such relief."  *Id.* § 1915A(b).

10        A district court must construe a pro se pleading "liberally" to determine if it states a

11  claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

12  opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

13  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

14  action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

15  1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

16  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

17  plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

18        A claim has facial plausibility when the plaintiff pleads factual content that allows
       the court to draw the reasonable inference that the defendant is liable for the
19        misconduct alleged. The plausibility standard is not akin to a "probability
       requirement," but it asks for more than a sheer possibility that a defendant has
20        acted unlawfully. Where a complaint pleads facts that are merely consistent with a
       defendant's liability, it stops short of the line between possibility and plausibility
21        of entitlement to relief.

22  *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

23  framework of a complaint, they must be supported by factual allegations, and are not entitled to

24  the assumption of truth.  *Id.* at 1950.

25  ////

26  ////

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

In addition, before a plaintiff may commence a civil rights action concerning prison conditions, he or she must exhaust the administrative remedies that are available.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, ___ (2002).  While a plaintiff's failure to exhaust is an affirmative defense requiring proof of facts outside the pleadings, *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003), where it appears from the face of the complaint that exhaustion has not occurred, the court may dismiss the action under § 1915A.  *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed for failure to exhaust administrative remedies.

Here, plaintiff has provided on his complaint that he did not file an administrative grievance regarding the facts alleged in his complaint.  Dckt. No. 1 at 2.  Plaintiff provides as explanation that the incident complained of did not occur at the facility where he is currently housed.  *Id.*  Plaintiff's transfer from DVI to North Kern does not excuse his obligation to administratively exhaust the claims contained in his complaint.  The transfer occurred between institutions that are both under the control of the California Department of Corrections and Rehabilitation and are governed by the same regulations concerning administrative grievances (California Code of Regulations, title 15, §§ 3084.1-3084.9).  Nothing in those regulations prevents an inmate from filing a grievance regarding events occurring at a different institution

1   than where the inmate is currently housed.  Plaintiff's transfer from DVI to North Kern does not

2   fall within the exceptions for failure to exhaust under current law.  *See, e.g., Nunez v. Duncan*,

3   591 F.3d 1217, 1223-26 (9th Cir. 2010) (discussing potential exceptions to the exhaustion

4   requirement and holding that, where a warden's mistake rendered a litigant's administrative

5   remedies effectively unavailable, the litigant was excused from exhausting his claim); *see also*

6   *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (holding that the plaintiff's

7   transfer to various locations under the custody of different officials did not relieve his obligation

8   to exhaust administrative remedies before filing suit).

9         Thus, to proceed plaintiff must file an amended complaint describing what exception to

10   the exhaustion requirement, if any, his case falls under.

11         Any amended complaint must additionally adhere to the following requirements:

12         It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

13   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

14   complaint, the original pleading is superseded.

15         It must show that the federal court has jurisdiction and that plaintiff's action is brought in

16   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

17   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

18   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

19   *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

20   he does an act, participates in another's act or omits to perform an act he is legally required to do

21   that causes the alleged deprivation).

22         It must contain a caption including the name of the court and the names of all parties.

23   Fed. R. Civ. P. 10(a).

24         Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

25   P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

26   "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

1  join, [] as independent or as alternate claims, as many claims . . . as the party has against an

2  opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

3  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

4  against different defendants belong in different suits, not only to prevent the sort of morass [a

5  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

6  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

7  or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

8  1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

9  (joinder of defendants not permitted unless both commonality and same transaction requirements

10 are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

11 in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

12  The allegations must be short and plain, simple and direct and describe the relief plaintiff

13 seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

14 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

15 including many defendants with unexplained, tenuous or implausible connection to the alleged

16 constitutional injury or joining a series of unrelated claims against many defendants very likely

17 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

18 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

19 these instructions.

20  Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).  By signing an amended

21 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

22 allegations and that for violation of this rule the court may impose sanctions sufficient to deter

23 repetition by plaintiff or others.  Fed. R. Civ. P. 11.

24  A prisoner may bring no § 1983 action until he has exhausted such administrative

25 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

26 *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  April 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE